**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

IN THE MATTER OF                 :

LUIS RIVERA SANCHEZ & NANCY      :      CASE NO. 05-07953(SEK)
SANCHEZ MARTINEZ,
     DEBTORS                     :      CHAPTER 11

_____

DEBTORS AS THE,                  :

     PLAINTIFFS                  :      ADV. NO. O6-0029

       v.                       :
GENERAL ELECTRIC CAPITAL CORP.
AND THE U.S. TRUSTEE,            :

     DEFENDANTS                  :
_____

```
FILED & ENTERED
NOV 1 6 2006
CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO
```

### OPINION AND ORDER

Pending before the court is co defendant, General Electric Capital Corporation's (GE Capital), motion to dismiss the complaint. For reasons that follow, we only dismiss the first count of the complaint.

### Background

The first count of the complaint seeks a court ruling approving the bifurcation of GE Capital's proof of claim based on the value of collateral, as follows: $278,500 secured and $221,890.28 unsecured. The second and third counts are requests for entry of actual and punitive damages due to GE Capital's alleged violation of the automatic stay.

We adopt as our own paragraphs 1-18 of the motion to



dismiss because these reflect events that transpired in this case. We also note, Debtors filed a motion to set aside the judgment in Superior Court of Puerto Rico, Mayaguez Part. We based much of our rulings granting GE Capital's amended motion to set aside the automatic stay on the challenged judgment. According to Debtors, that state court denied their motion. It is currently under appeal before the Estado Libre Asociado de Puerto Rico, Tribunal General de Justicia, Tribunal de Apelaciones, Circuito Regional IV, Región Judicial de Mayaguez.

## Discussion

We dismiss the first count because we granted the motion for lift of stay so that GE Capital could execute its collateral. The process of execution is the best way of determining the value of the collateral, which in turn will provide an accurate picture of this creditor's claim against the estate in bankruptcy. Furthermore, challenges to the validity of the state court judgment which give rise to the execution process, are on going before the state courts. Therefore, we dismiss this count I because the timing of this action shows its not ripe for adjudication. [1]



---

[1] The ripeness doctrine has both constitutional and prudential dimensions. [citations omitted] Its basic rationale is 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.'" *Stern v. U.S. District Court for the District of Massachussetts, et al.,* 214 F. 3d 4, 10 (1st Cir. 2000).

2

With respect to counts II and III of the complaint, the allegations seem to admit there was a period of time wherein the automatic stay might have been violated due to the peculiar facts of this case. Therefore, the motion concerning these two counts is denied. This are matters for resolution after the trial on merits.

We deny dismissal as a sanction for Debtors absconding with the collateral apparently preventing GE Capital from executing its lien. Our order for lift of stay does not require that Debtors turnover the collateral to GE Capital. It only removes an impediment to collection of the loan *in rem*. It is up to the state courts to sanction this alleged unlawful behavior.

**SO ORDERED**, in San Juan, Puerto Rico, on November 15, 2006.

SARA DE JESUS
U.S. Bankruptcy Judge

3